[Civ. No. 2344.   Third Appellate District.—June 2, 1923.]

## CONTRACTORS AND BUILDERS SUPPLY COMPANY (a Corporation), Respondent, v. A. B. KLAY, Appellant.

[1] MECHANICS' LIENS—FORECLOSURE—FINDINGS—PAYMENT—UNWARRANTED JUDGMENT AGAINST CONTRACTOR.—In this action for the foreclosure of a lien for materials used in the construction of a dwelling, wherein the judgment denied to plaintiff the claim of lien and acquitted the defendants, other than the contractor of any liability, but awarded judgment against the contractor, the judgment should have been in favor of all the defendants in view of the finding that a certain sum paid to plaintiff out of the sum paid to the contractor by the other defendants more than satisfied the amount due plaintiff, notwithstanding the unintelligibility of other findings.

APPEAL from a judgment of the Superior Court of Stanislaus County. L. W. Fulkerth, Judge. Reversed.

The facts are stated in the opinion of the court.

Griffin, Boone & Boone for Appellant.

J. B. Jennings for Respondent.

HART, J.—This action is based on the mechanics' lien law and is for the foreclosure of a lien upon a quarter-section of land belonging to the defendants above named other than the defendant Klay, and situated in Stanislaus County, said

lien arising by reason of the furnishing by plaintiff of certain materials to be used, and which were used, in the construction of  dwelling-house on said real property.   The judgment denied to the plaintiff the claim of lien against said property and acquitted the defendants, other than defendant Klay, of any liability upon the claim for which the lien was sought to be asserted, but awarded the plaintiff judgment against the defendant Klay in the sum of $328.

This appeal, supported by the judgment-roll alone, is by the defendant Klay from so much of said judgment as awards, as against him in favor of the plaintiff, the said sum of $328.

The defendant Klay, a contractor, entered into a contract with the owners of the said real property for the construction of a one and one-half story dwelling-house on said land.   The complaint states that, under an agreement with Klay, plaintiff furnished materials, consisting of lumber and mill-work, to be used, and which were actually used, in the construction of said building, of the total value of $1,580.40, the same to be paid for in cash as they were delivered; that of said amount the sum of $1,144.50 was paid, and that there remained due and unpaid of said amount, at the time said dwelling-house was completed, on the first day of March, 1920, the sum of $433.90; that, on March 17, 1920, the plaintiff filed and recorded, in due and legal form, a claim of lien upon said dwelling-house and land in said sum of $433.90.

The answer specifically denies all the allegations of the complaint and sets up a special defense to the effect that the defendants had fully discharged and satisfied the claim sued for, and, in fact, had paid the plaintiff more than was its due on the claim upon which it declares.

The court found that the materials were furnished by plaintiff as stated in the complaint; that all of said materials were actually used in the construction of the building likewise mentioned, and that they were of the value of $1,578.40; that plaintiff duly and in proper form filed its claim of lien on the said building and the real property upon which it was erected in the sum of $433.90, alleged to be the balance due for said materials at the time of the completion of said building, but found that the claim so filed involved an overcharge of $105.90 and that the true balance claimed by plaintiff is and was the sum of $328.   These findings were

succeeded by the following: That on the fifteenth day of January, 1920, the defendant, M. J. Kline, paid to said Klay the sum of $1,000 on the contract price for the construction of said building; that said plaintiff received as payment from the said defendant Klay the sum of $750 of said $1,000 paid as aforesaid; that on the nineteenth day of January, 1920, said Klay paid to the plaintiff the sum of $750, with the express understanding and agreement between him and the plaintiff, and upon the express direction of Klay to that effect, that said sum of $750 so paid to plaintiff should be applied to and become a payment on account of the materials furnished Klay by plaintiff as alleged in the complaint; that the plaintiff ''failed and neglected to apply said $750 on said indebtedness for said materials, but applied a portion thereof to an indebtedness owed by said defendant Klay on an entirely different job for others than the defendants, or any of them and other than that set forth in plaintiff's complaint, and not connected in any way with the materials furnished for the work of the construction of the building set forth in plaintiff's complaint''; that the plaintiff had knowledge and notice at the time of the payment of said sum of $750 by the said Klay that said sum was received by said Klay from the defendant, M. J. Kline, as a payment on the contract price of said building mentioned in plaintiff's complaint; that said sum of $750 so paid by said Klay to plaintiff ''more than satisfied the balance due to the plaintiff for materials furnished for the construction of the building as set forth in plaintiff's complaint on file; that the claim or demand sued on in said complaint has been fully paid, discharged, and settled by the said defendants, and that the said defendants have paid to the said plaintiff more money than the said plaintiff had coming or was entitled to on said claim sued on in said complaint''; that only a portion of the said sum of $750 paid by said Klay to the plaintiff was applied and credited on the account for materials used in the construction of the building mentioned in plaintiff's complaint. The court then made the following finding: ''That the plaintiff has paid to and for the use of the defendant, A. B. Klay, and credited on the general account of the said defendant, A. B. Klay, with the said plaintiff, the sum of $328, and that the same, or any part of said $328 so credited on the general account of the plaintiff has not been paid on said general

account, but the said sum of $328 is a payment on materials furnished in the construction of the building set forth in plaintiff's complaint.''

No brief has been filed herein for and on behalf of the respondent. This omission has been a source of regret to this court, because of the perplexity which it must be confessed has confronted us in attempting an interpretation of the findings and the meaning of the judgment from which the appeal is taken. The assistance of counsel who presumably prepared the findings might have been of much help to us in this particular. This remark is due to the fact, which must become obvious upon reading them, that the findings are not free from the imputation of ambiguity. Indeed, the finding last above quoted herein is unintelligible. So far as information upon the subject is to be obtained from the finding itself, we have been unable to determine whence the $328 came, whither it went, to whom it belongs, or, in fact, what it has to do with this case. It will be observed that in the first part of said finding it is said that the plaintiff paid that sum for the use of defendant Klay and credited rather than debited it on the general account of the said defendant. This is followed by the statement that said $328, ''so credited on the general account of the plaintiff'' has not been paid on said general account. It then states that the said sum of $328 ''is a payment on materials furnished in the construction of the building set forth in plaintiff's complaint.'' Whether the payment of said sum on account of the materials furnished for the building mentioned in the complaint was by the plaintiff or the defendants, said finding is palpably obscure and cannot be made clear as to that proposition, even when considering it in comparison with other portions thereof. This being the only $328 referred to in the findings, we assume that it is that sum for which the court awarded judgment for the plaintiff and against said Klay. But, as has been pointed out, the finding is so confusing by reason of its palpable inconsistencies that it can afford no safe foundation for a judgment against anybody in this case, even if it could in any event support a proper judgment herein. If the $328 relates to another and entirely different account between the plaintiff and the defendant Klay, then the judgment cannot stand, since, clearly, it is not within the issues made by the pleadings. If, on the

other hand, it was the intention to declare by said finding that there was still $328 due the plaintiff for the materials furnished for the building in question, then the finding is inconsistent with the finding that the entire sum which was coming to the plaintiff for the materials furnished for use in the construction of said building had been fully paid, discharged and satisfied. Again, if said finding, when viewed in connection with the finding that only a portion of the said sum of $750 was credited on the account upon which this action was based, is to be interpreted to mean that the plaintiff paid a portion of the said $750 on some other account between it and Klay and that by reason thereof there remained an unpaid balance on the account sued on, then the plaintiff misappropriated so much of said sum as it credited on such "other account." (Sec. 1479, subd. 1, Civ. Code.) Under the terms of said section the plaintiff, having been directed by Klay at the time he paid the $750 out of the $1,000 obtained from the other defendants to apply said. amount to the account upon which it has herein sued, was without authority to apply said $750 or any portion thereof on any other account than that created by the furnishing by plaintiff to Klay of the materials which were to be used, and which were used, in the construction of the building mentioned in the complaint, unless the said sum of $750 was in excess of the actual balance due on the account for the materials mentioned in the complaint, in which case, probably, the plaintiff would have been at liberty to apply the excess toward the satisfaction of any other account which it might have had against said Klay. If, though, such was really the situation, the court, as above stated, was without authority to enter a judgment for the plaintiff for the excess amount so applied.

[1] But whatever might have been in the mind of the court when making the finding above considered, it is clear that the court did find that the $750 paid to the plaintiff out of the said sum of $1,000 paid to Klay by the other defendants "more than satisfied the balance due to the plaintiff for materials furnished for the construction of the building as set forth in plaintiff's complaint," and that "the claim or demand sued on in said complaint has been fully paid, discharged and settled by said defendants," etc. Upon this finding the court had left to it but one course to pursue,

to wit, to render and cause to be entered a judgment in favor of all the defendants as against the plaintiff upon the claim sued for herein.

From every viewpoint from which the findings may be considered, the judgment must be reversed, and it is so ordered.

Burnett, J., and Finch, P. J., concurred.